UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00568-KDB-DSC

| | |
|---|---|
| ALTON SHARAN SAPP, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MECKLENBURG COUNTY ) | |
| SHERIFF DEPARTMTNET, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's (unsigned) Objection to Order [Doc. 5], which the Court construes as Plaintiff's response to the Court's Show Cause Order [Doc. 4].

During a recent two-month period, the *pro se* Plaintiff filed 28 civil actions in this Court without paying the filing fee and seeking to proceed *in forma pauperis* in each.[1] [See Doc. 2]. On October 21, 2022, the Court denied the Plaintiff's Application to proceed *in forma pauperis* in the instant case due to his pattern of abusive, frivolous, malicious, and harassing litigation, and ordered him to pay the full filing fee within 14 days. [Doc. 4]. Plaintiff was cautioned that the failure to timely comply with the Order would result in this case's dismissal without further notice. [Id. at 7]. The October 21 Order was mailed to the Plaintiff at his address of record on the same day it was entered. Plaintiff has not paid the filing fee and the time to do so has expired. Therefore, this

---

[1] At present, his pending cases in this Court are: 3:22-cv-411-RJC-DCK; 3:22-cv-412-KDB-DSC; 3:22-cv-416-KDB-DSC; 3:22-cv-450-RJC-DSC; 3:22-cv-461-RJC-DCK; 3:22-cv-462-FDW-DSC; 3:22-cv-494-KDB-DSC; 3:22-cv-495-KDB-DCK; 3:22-cv-518-KDB-DSC; 3:22-cv-519-KDB-DCK; 3:22-cv-525-KDB-DCK; 3:22-cv-526-RJC-DSC; 3:22-cv-527-RJC-DCK; 3:22-cv-528-KDB-DSC; 3:22-cv-529-RJC-DCK; 3:22-cv-530-RJC-DSC; 3:22-cv-532-RJC-DSC; 3:22-cv-533-RJC-DCK; 3:22-cv-535-RJC-DCK; 3:22-cv-537-RJC-DCK; 3:22-cv-538-KDB-DSC; 3:22-cv-540-RJC-DSC; 3:22-cv-551-KDB-DCK; 3:22-cv-555-MOC-DCK; 3:22-cv-563-KDB-DCK; 3:22-cv-567-KDB-DCK; and 3:22-cv-568-KDB-DSC.

action will be dismissed without prejudice. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 631-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

The Court also ordered that Plaintiff had 14 days to respond showing cause why a pre-filing review system should not be imposed on him. [Doc. 4 at 7]. The Court ordered that Plaintiff "shall file a single document, not to exceed more than three (3) pages, succinctly explaining why he believes the Court should not impose" the pre-filing review system it explained in the Order and expressly warned Plaintiff "that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system." [Id.].

Plaintiff filed an unsigned "Objection to Order,"[2] [Doc. 5], which the Court will consider his show cause response. In it, Plaintiff claims that "[t]he complaints, responsive pleadings, and notices are not meritless, nor frivolous, nor are they out of compliance with the rules/laws which governs how each of these actions are to be addressed before the courts." [Id. at 1]. Plaintiff contends that each of his Complaints has been "constructed to include three instances each" … "to condense the number of lawsuits submitted for filing." [Id. at 2]. Plaintiff claims that "the substance of the claims," that is, "the court case numbers, and the specific crimes [he] was accused of" remain different. [Id.]. Plaintiff argues that imposing a pre-filing review system would risk violating Plaintiff's constitutional rights. [Id.].

---

[2] Plaintiff failed to sign this Response. [See Doc. 5 at 3]. The Clerk, therefore, mailed a copy of the signature page to Plaintiff for him to sign and return to the Court. [11/1/2022 (Court Only) Docket Entry]. As of drafting this Order, Plaintiff has not returned the signature page. Nonetheless, for the sake of consistency with Plaintiff's other pending actions, the Court will dispose of this action now because Plaintiff's Response is deficient in any event.

2

Plaintiff's arguments are not well taken. As previously noted, Plaintiff has quickly filed a staggering number of frivolous actions and other documents in this Court. Despite direct warning to Plaintiff about the imposition of sanctions, including a pre-filing review system, should he persist in filing frivolous actions, he continued to do so. Moreover, Plaintiff filed wholly meritless motions for default judgment in every action and purported "Executions" in many, seeking to skirt the Court's Orders requiring him to pay filing fees. Plaintiff's claims now that his actions are not duplicative and that his filings are in accordance with applicable rules are baseless. In short, Plaintiff has not articulated any good reason for the Court not to impose a pre-filing review system.

For these reasons, and for all the reasons set forth in the Court's prior Order [Doc. 4], the Court will direct that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576747, at *3 (W.D.N.C. July 3, 2012).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice for Plaintiff's failure to comply with the Court's October 21, 2022 Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion [Doc. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a pre-filing review system is hereby **IMPOSED**, and all documents submitted by the Plaintiff in the future, whether in this case or in any other action filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation.

The Clerk is instructed to add this case to Plaintiff's Filer Status Report in CM-ECF and to close this case.

Signed: November 9, 2022

*Kenneth D. Bell*
United States District Judge